UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**LACEY COMBS,**

    **Plaintiff,**

vs.                                                    Case No.

**J & I SEAFOOD, INC. d/b/a**
**Crafty Crab Orange Park, a Florida**
**Profit Corporation,**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LACEY COMBS (Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, J & I SEAFOOD, INC. ("Defendant") and in support thereof states as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Americans with Disabilities Act, as amended, ("ADA"), and the 42 U.S.C. 12101, *et seq.*, the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq*. ("FCRA"), to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, damages for emotional distress damages and pain and suffering, liquidated damages, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION AND VENUE

2. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over these federal claims is found in Title VII at 42 U.S.C. §2000e-5(f)(3). Jurisdiction over state law claims also arise under the Court's supplemental jurisdiction 28 U.S.C. § 1367.

3. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Clay County, Florida.

4. The illegal conduct complained of, and the resultant injury occurred within the judicial district in and for Clay County, Florida.

## THE PARTIES

5. Defendant, J & I SEAFOOD, INC., is a Florida Profit Corporation. At all material times hereto, Defendant maintained an office in Clay County, Florida.

6. Plaintiff is an adult individual who resides in Clay County, Florida.

7. Plaintiff was an employee as defined by the laws under which this action is brought.

8. Plaintiff was employed as a Hostess.

9. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FCRA and the ADA.

10. At all times material to this action, Defendant was, and continues to be an "employer" within the meaning of the FCRA and the ADA.

11. At all times material hereto, Plaintiff is a "qualified individual because of the known disability of an individual with whom the qualified individual is known to

2

have a relationship or association." *See* 42 U.S.C. § 12112(b)(4).

## ADA AND FCRA STATUTORY PREREQUISITES

12. Plaintiff is a "person" who suffered associational disability discrimination. As such she is a member of a class of individuals protected by the ADA and the FCRA.

13. Plaintiff was qualified for her position of employment.

14. Plaintiff suffered from differential application of work or disciplinary rules because Defendant treated Plaintiff differently on the basis of Plaintiff's protected class.

15. The Defendant meets the statutory criteria for coverage as an "employer" under the ADA and the FCRA.

16. Plaintiff meets the statutory criteria for coverage as an "employee" under the ADA and the FCRA.

17. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 14, 2022, which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct. Plaintiff was issued a right-to-sue letter by the EEOC on February 5, 2024. Therefore, this complaint is being filed within 90 days of receiving her right to sue letter.

18. Accordingly, Plaintiff has complied with all requirements and all other prerequisites prior to bringing this lawsuit.

## STATEMENT OF FACTS

19. Plaintiff worked as a hostess for Defendant from February 20, 2022, until her termination on February 21, 2022.

20. On February 21, 2022, Plaintiff reported for her second day of work.

21. When Plaintiff arrived, she was informed that she would be continuing her training with another employee, Alexia Jordan, whose first shift would be that day.

22. During Plaintiff's shift with Ms. Jordan, she observed Ms. Jordan performing work that would normally be taught during an employee's second or third day of training.

23. During the first few hours of the shift, Jimmy (last name unknown), Assistant Manager and training supervisor, noticed how well Ms. Jordan was performing and started having her perform additional duties, such as having her check to-go orders for accuracy without his assistance and timely bringing the to-go orders from the kitchen to the front host area for customer pickup.

24. Later that evening, Plaintiff witnessed Jimmy stop Ms. Jordan while she was taking an order from the kitchen to the host area to ask her if something was wrong with her leg.

25. Ms. Jordan informed Jimmy that she had a prosthetic leg. Jimmy then immediately went to the back office.

26. Approximately thirty (30) minutes later, Jimmy instructed both Plaintiff and Ms. Jordan to go to the kitchen to take care of a customer order.

4

27. Shortly after Ms. Jordan's encounter with Jimmy, Ting Ting Qui, the Owner of Defendant, approached Plaintiff and Ms. Jordan to let them know that they could leave earlier than their scheduled shift had them leaving for that evening.

28. During that conversation, Ms. Qui asked Ms. Jordan for her identification and social security card. Ms. Jordan gave Ms. Qui the requested documents and continued working, as it was not yet the time for her to leave.

29. After a few minutes, Ms. Qui approached Ms. Jordan, in front of Plaintiff and other staff, and told Ms. Jordan, "I'm sorry. I don't think you can keep up here."

30. Ms. Qui then took off Ms. Jordan's nametag and handed her a check.

31. Ms. Jordan asked Ms. Qui what she meant by her statement, as it was her first shift and she had been performing her job duties so well that Jimmy was having her perform duties that were usually performed on the second or third shift.

32. Ms. Qui responded, "we are fast paced, and I don't think you will be able to keep up."

33. Plaintiff asked Ms. Qui, "so you are firing her because of her leg?"

34. Ms. Qui responded, "she won't be able to keep up."

35. Ms. Jordan reiterated to Ms. Qui that she had been keeping up all day and even performing above and beyond her first shift job duties.

36. Plaintiff stated that she did not believe it was right for Ms. Qui to terminate Plaintiff due to her prosthetic leg.

37. Plaintiff's objections to how Ms. Jordan was being discriminated against constituted protected activity.

38. Ms. Qui told Plaintiff that if she did not like it, Ms. Qui would cut her a check too and she could leave as well, i.e. be terminated, just as Ms. Jordan was being terminated.

39. Plaintiff was scheduled to work the next day, on February 22, 2022, but was involved in a vehicle accident and was unable to make it to work that day.

40. When Plaintiff notified Ms. Qui about the vehicle accident, Ms. Qui terminated Plaintiff.

41. Had Plaintiff not objected to Ms. Jordan's termination the day prior, she would not have been terminated for being in an automobile accident.

42. Defendant's proffered reason for Plaintiff's termination is pretext.

## COUNT I
## ADA – DISABILITY DISCRIMINATION

43. Plaintiff realleges and adopts the allegations of paragraphs 1-42 above as if fully set forth herein.

44. Plaintiff is known by Defendant to be associated with an individual with a qualified disability as defined by the ADA.

45. Plaintiff was qualified to perform the essential functions of her job.

46. Defendant discriminated against Plaintiff because of her association with an individual with an actual or perceived disability in violation of the ADA.

47. But for her association with an individual with a disability, and Plaintiff's

objections to discrimination against an individual with a disability, Plaintiff would not have been terminated. As such, Defendant's acts were intentional and willful.

48. Defendant's acts negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

49. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADA.

50. As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive Damages;

    f. Injunctive relief;

    g. Prejudgment interest;

    h. Costs and attorney's fees; and

    i. Such other relief as the Court may deem just and proper.

## COUNT II
## FCRA – DISABILITY DISCRIMINATION

51. Plaintiff realleges and adopts the allegations of paragraphs 1-42 above as if fully set forth herein.

52. Plaintiff is known by Defendant to be associated with an individual with a qualified disability as defined by the FCRA.

53. Plaintiff was qualified to perform the essential functions of her job.

54. Defendant discriminated against Plaintiff because of her association with an individual with an actual or perceived disability in violation of the FCRA.

55. But for her association with an individual with a disability, and Plaintiff's objections to discrimination against an individual with a disability, Plaintiff would not have been terminated. As such, Defendant's acts were intentional and willful.

56. Defendant's acts negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

57. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the FCRA.

58. As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

      b.     Interest in back pay and benefits;

      c.     Front pay and future benefits and/or lost earning capacity;

      d.     Compensatory damages for emotional pain and suffering;

      e.     Punitive damages;

      f.     Injunctive relief;

      g.     Prejudgment interest;

      h.     Attorneys' fees and costs, and

      i.     For such other relief this Court deem just and equitable.

## COUNT III
## ADA – RETALIATION

59.    Plaintiff realleges and adopts the allegations of paragraphs 1-42 above as if fully set forth herein.

60.    At all times relevant hereto, Defendant retaliated against Plaintiff because of her association with an individual with an actual or perceived disability in violation of the ADA.

61.    But for her association with an individual with a disability, and Plaintiff's objections to discrimination against an individual with a disability, Plaintiff would not have been terminated. As such, Defendant's acts were intentional and willful.

62.    Defendant had actual knowledge of the retaliatory conduct of Plaintiff's supervisors.

63.    Defendant's acts negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

9

64. Defendant's conduct violated Plaintiff's right to be free from retaliation as guaranteed by the ADA.

65. As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits and/or lost earning capacity;

   d. Compensatory damages for emotional pain and suffering;

   e. Punitive Damages;

   f. Injunctive relief;

   g. Prejudgment interest;

   h. Costs and attorney's fees; and

   i. Such other relief as the Court may deem just and proper.

## COUNT IV
## FCRA – RETALIATION

66. Plaintiff realleges and adopts the allegations of paragraphs 1-42 above as if fully set forth herein.

67. At all times relevant hereto, Defendant retaliated against Plaintiff because of her association with an individual with an actual or perceived disability in violation of the FCRA.

68. But for her association with an individual with a disability, and Plaintiff's objections to discrimination against an individual with a disability, Plaintiff would not have been terminated. As such, Defendant's acts were intentional and willful.

69. Defendant had actual knowledge of the retaliatory conduct of Plaintiff's supervisors.

70. Defendant's acts negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

71. Defendant's conduct violated Plaintiff's right to be free from retaliation as guaranteed by the FCRA.

72. As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive damages;

11

  f. Injunctive relief;

  g. Prejudgment interest;

  h. Attorneys' fees and costs, and

  i. For such other relief this Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated this 14th day of March 2024.

        Respectfully submitted,

        **/s/ JAMES J. HENSON**
        James J. Henson, Esq.
        Fla. Bar No. 0077476
        Morgan & Morgan, P.A.
        20 North Orange Avenue, Suite 1600
        P.O. Box 4979
        Orlando, FL 32801-4979
        Tel.: (407) 428-6241
        Fax: (407) 245-3342
        Email: jjhenson@forthepeople.com
        ssnider@forthepeople.com
        *Counsel for Plaintiff*